48 F.3d 1237
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 ENVIROTECH CORPORATION, Plaintiff-Appellant,
v.
AMSTAR CORPORATION, and Enviro-Clear Company, Inc.,
Defendants-Appellees.
 No. 93-1162.
 United States Court of Appeals, Federal Circuit.
 Feb. 15, 1995.
Rehearing Denied; Suggestion for Rehearing In Banc
Declined April 18, 1995.
 
 D.Utah
 AFFIRMED.
 Before ARCHER, Chief Judge, NIES and CLEVENGER, Circuit Judges.
 NIES, Circuit Judge.
 
 
 1
 Envirotech Corporation appeals the final judgment of the United States District Court for the District of Utah dismissing its suit for relief from judgment and for return of some $5 million it paid Amstar pursuant thereto for infringement of United States Patent No. 3,523,889. We affirm.
 
 DISCUSSION
 
 2
 We need not recount in detail the various legal proceedings between the parties which finally appear to be at end. Amstar brought suit against Envirotech in 1979 for infringement of the '889 patent (the Eis patent), which is directed to processes and apparatus for removing suspended solids from a slurry of liquids and solids, such as in sugar cane manufacture. The issues of validity, infringement, inequitable conduct during the original prosecution and damages are covered by opinions of this court in Amstar Corp. v. Envirotech Corp., 730 F.2d 1476, 221 USPQ 649 (Fed.Cir.), cert. denied, 469 U.S. 924 (1984) (Amstar I) and Amstar Corp. v. Envirotech Corp., 823 F.2d 1538, 3 USPQ2d 1412 (Fed.Cir.1987) (Amstar II).
 
 
 3
 During the pendency of the infringement litigation, Envirotech was successful in getting the PTO to accept requests for reexamination of the Eis patent. However, on June 2, 1987, the PTO issued a reexamination certificate confirming the validity of all claims of the Eis patent.
 
 
 4
 In July 1987, Envirotech filed a complaint against Amstar to set aside the May 3, 1983, and the April 30, 1986, judgments of the district court. Envirotech alleged that Amstar engaged in inequitable conduct before the PTO during the reexamination, making it no longer equitable that the judgments remain in effect. The district court ruled that the evidence was insufficient to establish either a material representation or an intent to deceive by Amstar. Inequitable conduct having not been proved, the district court dismissed the complaint.
 
 
 5
 Because the district court did not find inequitable conduct, the court had no necessity to rule on whether the alleged misconduct constituted "fraud on the court." However, subsequent precedent of this court precludes recognition of inequitable conduct before the PTO as "fraud on the court." Broyhill Furniture Indus. v. Craftmaster Furniture Corp., 12 F.3d 1080, 1086, 29 USPQ2d 1283, 1288 (Fed.Cir.1993).
 
 
 6
 Rule 60(b), which sets out the conditions for relief from a judgment by motion, does not impinge upon the right to bring a separate suit for relief from judgment by reason of "fraud upon the court." Rule 60(b) of the Federal Rules of Civil Procedure provides:
 
 
 7
 On motion and upon such terms as are just, the court may relieve aparty or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken.... This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., Sec. 1655, or to set aside a judgment for fraud upon the court.... [T]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.
 
 
 8
 Rule 60(b) references "fraud" in two places. Subsection (3) provides that a court may set aside a judgment for fraud upon motion made within one year following entry of the judgment. The appeal before us is not raised by reason of denial of a Rule 60(b) motion in the Amstar suit. Rather it is an independent action which is recognized in the savings clause of Rule 60(b). Rule 60(b) does not limit the power of a court to entertain a suit to set aside a judgment for "fraud upon the court." Moreover, unlike a motion under subsection (3) for fraud, a separate suit for fraud on the court has no fixed time limitation.
 
 
 9
 "Not all fraud is 'fraud upon the court.' " Great Coastal Express, Inc. v. International Bhd. of Teamsters, 675 F.2d 1349, 1356 (4th Cir.1982), cert. denied, 459 U.S. 1128 (1983). The savings clause is to be "construed very narrowly" to avoid overwhelming subsection (3) with its specific time limitation. Id.
 
 
 10
 Fraud on the court ... is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statement or perjury.... It is thus fraud where the court or a member is corrupted or influenced or influence is attempted or where the judge has not performed his judicial function--thus where the impartial functions of the court have been directly corrupted.
 
 
 11
 Amstar II, 823 F.2d at 1550 (quoting Bullock v. United States, 721 F.2d 713, 718 (10th Cir.1983)).
 
 
 12
 In Broyhill, although this court found that Broyhill intentionally withheld material prior art from the PTO and thus procured its patent through inequitable conduct, we disagreed with the district court's conclusion that Broyhill committed a fraud upon the court within the meaning of the savings clause of Rule 60(b). 12 F.3d at 1086, 29 USPQ2d at 1288.
 
 
 13
 Thus, even were we to reverse the court's ruling that Amstar was not guilty of inequitable conduct, the reversal would provide no grounds for setting aside the judgment. Envirotech argues only that it would be inequitable to allow the judgment to stand, in view of Amstar's inequitable conduct before the PTO. However, under Broyhill, inequitable conduct before the PTO during reexamination does not constitute fraud upon the court. Thus, the appellant's arguments have no merit, and we affirm the district court's decision.