FISKARS, INC. and Fiskars OY
AB, Plaintiffs–Appellees,

v.

HUNT MANUFACTURING CO.,
Defendant–Appellant.

No. 01–1193.

United States Court of Appeals,
Federal Circuit.

Feb. 15, 2002.

Naikang Tsao, Foley & Lardner, of Madison, WI, argued for plaintiff-appellee. With him on the brief was David J. Harth, Heller Ehrman White & McAuliffe, of Madison, WI. Of counsel on the brief was Joan L. Eads, Foley & Lardner.

Joseph F. Posillico, Synnestvedt & Lechner, of Philadelphia, PA, argued for defendant appellant. With him on the brief were Mark D. Simpson and Gary A. Hecht.

Before GAJARSA, Circuit Judge, PLAGER, Senior Circuit Judge, and DYK, Circuit Judge.

PLAGER, Senior Circuit Judge.

Fiskars OY AB and Fiskars, Inc. (collectively "Fiskars") are the owner and exclusive licensee, respectively, of U.S. Patent No. 5,322,001, which is directed to a paper trimmer with a rotary blade. Fiskars filed suit against Hunt Manufacturing Co. ("Hunt") in the United States District Court for the Western District of Wisconsin, alleging that Hunt's Heavy Duty 12″ Paper Trimmer infringed the Fiskars patent. A jury found Hunt liable for infringement under the doctrine of equivalents and awarded Fiskars more than $3 million in lost profits damages. Twenty-one months after the district court entered judgment, Hunt filed a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b)(5) or (6), seeking vacatur of the damages award. Hunt appeals the district court's denial of that motion. Because the district court did not abuse its discretion in denying Hunt's motion, we affirm.

## BACKGROUND

After the trial court granted Hunt's motion for partial summary judgment that Hunt did not literally infringe the Fiskars patent, the issues of infringement under the doctrine of equivalents and damages were tried to a jury. The jury found that Hunt infringed several claims of the Fiskars patent under the doctrine of equivalents and awarded Fiskars more than $3 million in damages, including lost profits, lost profits due to price erosion, and projected lost profits resulting from future price erosion.

At trial, Fiskars asserted entitlement to lost profits on the theory that "but for" Hunt's infringement, Fiskars would have made additional sales of its own product, allegedly an embodiment of the claimed invention, and would have been able to charge higher prices during the period of infringement and in the future.[1] Hunt

---

1. *See Rite–Hite Corp. v. Kelley Co.,* 56 F.3d 1538, 1545, 35 USPQ2d 1065, 1069 (Fed.Cir. 1995) (en banc) ("To recover lost profits damages, the patentee must show a reasonable probability that, 'but for' the infringement, it would have made the sales that were made by the infringer.").

attempted to rebut Fiskars' lost profits theory by arguing that several third-party paper trimmers on the market, both rotary and guillotine trimmers, were acceptable non-infringing alternatives to Fiskars' product.[2] Hunt's evidence consisted primarily of expert opinion testimony that other paper trimmers were acceptable substitutes to consumers although they did not include certain features of the claimed invention. Hunt presented no sales figures or other data that might illustrate market behavior or customer demand and thereby support the opinions of Hunt's damages experts.

On post-trial motions, the trial court sustained the infringement verdict and the damages award. We affirmed the judgment of the trial court in all respects. *Fiskars, Inc. v. Hunt Mfg. Co.*, 221 F.3d 1318, 55 USPQ2d 1569 (Fed.Cir.2000), *cert. denied*, 532 U.S. 972, 121 S.Ct. 1603, 149 L.Ed.2d 469 (2001).

Upon receipt of the infringement verdict, Hunt discontinued sales of the infringing trimmer and began selling instead a new rotary trimmer. Hunt alleges, and Fiskars has not disputed, that its new trimmer does not infringe, either literally or under the doctrine of equivalents, because it lacks a means for biasing the cutting blade to an inoperative position, a limitation in Fiskars' patent claims. According to Hunt, the new non-infringing rotary trimmer was designed "shortly before the trial" and was "available for shipping by the trial date." Nevertheless, Hunt did not disclose at trial that it had developed a new, non-infringing product.

On May 1, 2000, twenty-one months after entry of the trial court's judgment, and while Hunt's appeal to this court was

pending, Hunt filed a motion for relief from judgment under Fed.R.Civ.P. 60(b)(5), which provides relief when "it is no longer equitable that the judgment should have prospective application," or Fed.R.Civ.P. 60(b)(6), a catchall provision providing that a final judgment may be set aside "for any other reason justifying relief from the operation of the judgment." Hunt sought vacatur of the damages award, contending that Fiskars was not entitled to lost profits damages because post-judgment sales data established that Hunt's new trimmer was a non-infringing alternative that was acceptable to consumers. Hunt argued that in accordance with this court's decision in *Grain Processing Corp. v. American Maize–Products Co.*, 185 F.3d 1341, 51 USPQ2d 1556 (Fed.Cir. 1999), its new trimmer could be considered an available non-infringing alternative without being on the market during the period of infringement. In this case, however, direct evidence of the product's acceptability was not available until after trial when it was placed on the market. The district court denied Hunt's motion, stating that "Rule 60(b)(5) was never intended to provide an avenue for relief from an award of money damages because of developments post-dating the trial," and finding nothing extraordinary about Hunt's circumstances to bring it within the purview of Rule 60(b)(6). *Fiskars, Inc. v. Hunt Mfg. Co.*, No. 97–C–0255–C (W.D.Wis. Jan. 2, 2001) (opinion and order).

Hunt appeals the denial of its motion with respect to Rule 60(b)(6) only. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

---

**2.** Absence of acceptable non-infringing alternatives is one of four factors in the test for entitlement to lost profits damages articulated in *Panduit Corp. v. Stahlin Brothers Fibre*

*Works, Inc.*, 575 F.2d 1152, 197 USPQ 726 (6th Cir.1978). *See Rite–Hite*, 56 F.3d at 1545, 35 USPQ2d at 1069.

## DISCUSSION

### I.

The first issue raised by the parties is whether we should apply Federal Circuit law or the law of the regional circuit in which the district court sits, here the Seventh Circuit, in our review of the district court's denial of Hunt's Rule 60(b)(6) motion. When reviewing non-patent issues, our general practice is to apply the law of the regional circuit. *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359, 50 USPQ2d 1672, 1675 (Fed.Cir. 1999) (en banc in relevant part). Because rulings under Rule 60(b) commonly involve procedural matters unrelated to patent law issues as such, we often defer to the law of the regional circuit in reviewing such rulings. *See, e.g., Marquip, Inc. v. Fosber Am., Inc.*, 198 F.3d 1363, 1369–70, 53 USPQ2d 1015, 1020 (Fed.Cir.1999) (under Seventh Circuit Law, affirming denial of Rule 60(b) motion based on newly discovered evidence regarding accused device); *Engel Indus., Inc. v. Lockformer Co.*, 166 F.3d 1379, 1384, 49 USPQ2d 1618, 1622 (Fed.Cir.1999) (under Eighth Circuit law, affirming denial of Rule 60(b)(3) motion based on allegedly fraudulent misrepresentations of fact during trial and on appeal); *Amstar Corp. v. Envirotech Corp.*, 823 F.2d 1538, 1550, 3 USPQ2d 1412, 1421 (Fed.Cir.1987) (under Tenth Circuit law, affirming denial of Rule 60(b) motion based on newly discovered prior art); *Ashland Oil, Inc. v. Delta Oil Prods. Corp.*, 806 F.2d 1031, 1033, 1 USPQ2d 1073, 1075 (Fed.Cir.1986) (under Seventh Circuit law, affirming denial of Rule 60(b) motion following a change of law).

Nevertheless, a procedural issue that is itself not a substantive patent law issue may be governed by Federal Circuit law if the issue "pertain[s] to patent law, ... bears an essential relationship to matters committed to our exclusive control by statute, ... or clearly implicates the juris-prudential responsibilities of this court in a field within its exclusive jurisdiction." *Midwest Indus.*, 175 F.3d at 1359, 50 USPQ2d at 1675 (internal quotation marks and citations omitted). Consequently, when a district court's Rule 60(b) ruling turns on substantive matters that pertain to patent law, we review the ruling under Federal Circuit law because "we perceive a clear need for uniformity and certainty in the way the district courts treat [the] issue." *Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1083, 29 USPQ2d 1283, 1285 (Fed. Cir.1993).

We agree with Hunt that Federal Circuit law should govern our review of the district court's denial of Hunt's Rule 60(b)(6) motion seeking relief under the *Panduit* factors. In *Broyhill*, we resolved as a matter of Federal Circuit law the issue whether a consent judgment enjoining infringement of a patent should be set aside pursuant to Rule 60(b) following a judicial determination in another proceeding that the patent was procured through inequitable conduct. *Id.* As in *Broyhill*, the issue before us—whether a lost profits damages award should be set aside because post-trial sales data may show the acceptability of a non-infringing alternative product—turns on a substantive area of patent law. Because resolution of this issue necessarily requires an understanding of the distinctive characteristics of patent damages law, we apply Federal Circuit law in our review. As we have not previously had occasion to consider Rule 60(b)(6) as a matter of Federal Circuit law, however, we may look to the law of other circuits, including the Seventh Circuit, that have reviewed Rule 60(b)(6) rulings. *See Broyhill*, 12 F.3d at 1083 n. 1, 29 USPQ2d at 1285 n. 1.

### II.

We review the district court's denial of a Rule 60(b) motion to determine if

the court abused its discretion. *Id.* at 1083, 12 F.3d 1080, 29 USPQ2d at 1285. Under the law of this circuit, an abuse of discretion exists when the trial court's decision is clearly unreasonable, arbitrary or fanciful, or is based on clearly erroneous findings of fact or erroneous conclusions of law. *Cybor Corp. v. FAS Techs., Inc.,* 138 F.3d 1448, 1460, 46 USPQ2d 1169, 1178 (Fed.Cir.1998) (en banc); *cf. Provident Sav. Bank v. Popovich,* 71 F.3d 696, 698 (7th Cir.1995) ("[W]e review a district court's denial of relief under Rule 60(b) for an abuse of discretion, and we will reverse only if we conclude that no reasonable person would agree with the district court's determination.").

Rule 60(b) sets forth six grounds for relief from judgment. Under subsection (6), a catchall provision, relief is available for "any other reason justifying relief from the operation of the judgment," and only when the motion is "made within a reasonable time." Rule 60(b)(6) is available only in extraordinary circumstances and only when the basis for relief does not fall within any of the other subsections of Rule 60(b). *Marquip,* 198 F.3d at 1370, 53 USPQ2d at 1020 (applying Seventh Circuit law and citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 393, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)); *Provident Sav. Bank,* 71 F.3d at 700.

 Hunt requests relief under Rule 60(b)(6) on the basis of new evidence allegedly showing that Fiskars is not entitled to lost profits. Hunt's motion relies on our decision in *Grain Processing,* in which we explained that a product or process may qualify as an acceptable non-infringing substitute for purposes of defeating a lost profits claim although it was not "on the market" or "for sale" during the period of infringement. 185 F.3d at 1349, 51 USPQ2d at 1562. In such a case, the accused infringer has the burden of show-

ing that the alleged alternative was available during that period. *Id.* at 1353, 185 F.3d 1341, 51 USPQ2d at 1565. The defendant in *Grain Processing* supported its claim that its non-infringing process was available during the period of infringement with specific facts showing it had "the necessary equipment, know-how, and experience" during the period of infringement to implement the non-infringing process. *Id.* at 1354, 185 F.3d 1341, 51 USPQ2d at 1565. The accused infringer was also able to demonstrate that its non-infringing process created a product acceptable to consumers, at least in part because it had obtained market data after converting to the non-infringing process prior to the damages portion of the trial. *Id.* at 1355, 185 F.3d 1341, 51 USPQ2d at 1566.

In its Rule 60(b)(6) motion, Hunt now claims that it had developed an acceptable non-infringing alternative trimmer that was available during the period of infringement, although the new trimmer was not on the market and its existence was not disclosed at trial. Hunt contends that it could not have introduced evidence of its new trimmer at trial because proof that the new trimmer was acceptable to consumers was not available until the new trimmer had been on the market for some time. Only after it obtained sales data, Hunt argues, was it able to demonstrate the acceptability of the non-infringing trimmer.

 We are not persuaded by Hunt's argument. While sales data showing market acceptance of a non-infringing alternative may provide significant evidence that the alternative was acceptable to consumers, such evidence is not the sole means for demonstrating acceptability. Accused infringers routinely rely on witness testimony to show that a non-infringing alternative is acceptable because customers do not seek the patented features absent from the substitute product. *See Gargoyles,*

*Inc. v. United States,* 113 F.3d 1572, 1578–79, 42 USPQ2d 1760, 1766 (Fed.Cir.1997); *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.,* 926 F.2d 1161, 1165–66, 17 USPQ2d 1922, 1926–27 (Fed.Cir.1991). Indeed, Hunt's expert witnesses in this case testified that third-party products on the market were acceptable substitutes due to lack of customer demand for the patented features. Although it certainly had the opportunity at trial to present expert testimony that its non-infringing product would be acceptable to consumers, as was done in *Grain Processing,* Hunt apparently chose not to do so.

■ It is true that in many cases it may be difficult to prove acceptability of a non-infringing alternative without sales figures illustrating market behavior. Nevertheless, we reject Hunt's contention that a damages award of lost profits should be reopened after trial if market data probative of acceptability becomes available once a non-infringing alternative replaces the infringing product in the marketplace. In making a case for lost profits, a patent owner need only show a reasonable probability that it would have made additional profits "but for" the infringement. *Grain Processing,* 185 F.3d at 1349, 51 USPQ2d at 1562. Although the parties must support their positions with sound economic proof, absolute certainty is not required, for reconstruction of the "but for" market is "by definition a hypothetical enterprise" based on the evidence introduced at trial.

*Id.* at 1350, 185 F.3d 1341, 51 USPQ2d at 1562.

■ In view of the hypothetical nature of the damages determination, we agree with the district court that the fact that evidence arising nearly two years after trial may have cast some doubt on the accuracy of the trial evidence does not create the extraordinary circumstances necessary to invoke Rule 60(b)(6). Hunt could have offered at trial what it considered to be its best evidence that Fiskars was not entitled to lost profits, including the existence of any acceptable non-infringing alternatives. We see no reason why Hunt should be entitled to a second opportunity to present its case. Just as Rule 60(b)(6) is unavailable to reopen a judgment on grounds of newly discovered evidence (that existed at the time of trial), it is unavailable to reopen a judgment on the grounds that new evidence has come into being after the trial has been concluded. Accordingly, we conclude that the district court did not abuse its discretion in denying Hunt's motion for relief from judgment under Rule 60(b)(6).

## CONCLUSION

The judgment of the district court is *AFFIRMED.*