**Robert O. MUDGE, Plaintiff,**

v.

**UNITED STATES, Defendant.**

No. 00–228C.

United States Court of Federal Claims.

Oct. 26, 2007.

Robert O. Mudge, pro se, Sparks, Nevada.

Douglas K. Mickle, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. Of counsel was Melanie Watson, Office of General Counsel, Office of Personnel Management, Washington, D.C.

### *OPINION AND ORDER*

LETTOW, Judge.

Plaintiff, Robert O. Mudge, has applied for relief from the judgment previously entered in this case in December 2004, affirmed by the Court of Appeals for the Federal Circuit in November 2005. *See Mudge v. United States,* 63 Fed.Cl. 363 (2004) (*"Mudge IV"*), *aff'd,* 154 Fed.Appx. 916 (Fed.Cir.2005)

("*Mudge V*").[1] Mr. Mudge's pending application is premised upon his allegations that declarations and materials provided in the prior proceedings by three federal officials misrepresented true facts and that the misrepresentations justify reopening this proceeding. The government has responded in opposition to Mr. Mudge's application and allegations, and Mr. Mudge has submitted a reply. For the reasons set out below, Mr. Mudge's application is denied.

### Prior Proceedings

Before his retirement, Mr. Mudge was a maintenance mechanic with the Federal Aviation Administration ("FAA") serving in Alaska and Nevada. *Mudge IV*, 63 Fed.Cl. at 365. On the merits in this court, he claimed that (1) when he was an employee of the FAA in Alaska, he was entitled to a twelve percent pay differential given to certain federal employees in that State, and (2) he was entitled to retain the higher Alaskan local-area pay rate during his subsequent reassignment to Nevada.[2] The underlying facts associated with Mr. Mudge's employment and assignments were undisputed. In the course of developing the record, the government submitted declarations prepared by one official with the Office of Personnel Management ("OPM") and two officials with the FAA, plus supplemental declarations by the OPM official and one of the FAA officials. *See* Def.'s Opp'n and Resp. to Pl.'s Mot. for Summ. Judgment (July 20, 2004) at App. 1, 6, 32; Def.'s Mot. Seeking to Supplement the Record Pursuant to the Court's October 1, 2004 Order (Oct. 14, 2004) at App. 140, 142. After analysis of the claims in light of the Prevailing Rate Systems Act ("Act"), Pub.L. No. 92–392, 86 Stat. 564 (1972) (codified as amended at 5 U.S.C. §§ 5341–49), and the regulations promulgated by OPM under that Act, the court concluded that Mr. Mudge was not entitled to relief and granted summary judgment for the government. *Mudge IV*, 63 Fed.Cl. at 365–69. On appeal, the court's grant of summary judgment in favor of the government was affirmed by the Federal Circuit, after a *de novo* review of the Act and regulations. *Mudge V*, 154 Fed.Appx. at 917–19.

### Plaintiff's Request for Relief from Judgment

Specifically, Mr. Mudge's pending request for relief from the judgment rests on his claims that the declarations provided by officials with OPM and FAA were false and operated to deceive the court as to the law and regulations applicable to his case. Pl.'s Compl. of Perjury ("Pl.'s Mot.") at 5–6. Mr. Mudge's submission could be treated either as a motion for relief from judgment pursuant to Rule 60(b)(3) of the Rules of the Court of Federal Claims ("RCFC") or as an independent action to relieve him of the prior judgment. The government has responded that Mr. Mudge's request for relief is untimely as a motion under RCFC 60(b)(3) and also that the three declarations provided by government employees had properly reflected applicable law and regulations. Def.'s Resp. to Pl.'s Mot. for Relief from Judgment ("Def.'s Resp.") at 2–5.

In conjunction with his application for relief from the judgment, Mr. Mudge renews his claims that while working in Alaska he was entitled to a twelve percent pay differential listed in Appendix V of the Federal Personnel Manual, Federal Wage System, Supplement 532–1, and that upon his return to Nevada he was entitled to retain the rate of pay he was receiving in Alaska despite transferring to a lower wage area. Pl.'s Mot. Enclosures 6, 6A, 7, 7A, and 8. These claims were addressed in detail and rejected both in

---

**1.** Mr. Mudge's petition for rehearing and rehearing *en banc* in the Federal Circuit was denied February 9, 2006. *See* 154 Fed.Appx. 916.

Prior proceedings in this court and in the Federal Circuit focused on whether grievance procedures in a collective bargaining agreement constituted the exclusive remedy for a federal employee regarding certain disputes arising within the employment relationship. *See Mudge v. United States*, 50 Fed.Cl. 500 (2001) ("*Mudge I*") (holding that the grievance procedures provided the exclusive remedy and dismissing plaintiff's complaint for lack of jurisdiction), *rev'd and remanded, Mudge v. United States*, 308 F.3d 1220 (Fed.Cir.2002) ("*Mudge II*"). On remand, the right of an individual employee to seek a judicial remedy was upheld. *See Mudge v. United States*, 59 Fed.Cl. 527 (2004) ("*Mudge III*").

**2.** Alaska constituted a higher wage area than Nevada even disregarding Mr. Mudge's claim for a twelve percent pay differential.

this court's prior opinion, *see Mudge IV,* 63 Fed.Cl. at 365–68, and in the Federal Circuit's subsequent decision on appeal. *See Mudge V,* 154 Fed.Appx. at 917–19.

## ANALYSIS

### A. Rule 60(b)(3)

■ RCFC 60(b) allows a party to petition for relief from a judgment on grounds of, among other things, "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." RCFC 60(b)(3). The Rule imposes a time limitation on a request for relief made on this ground. "The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." RCFC 60(b). This time limitation is jurisdictional. *See Pacetti v. United States,* 2003 WL 22765831, at *1 (Fed.Cl. Oct. 15, 2003); *see also Warren v. Garvin,* 219 F.3d 111, 114 (2d Cir. 2000) ("This limitations period [in Fed. R.Civ.P. 60(b)] is 'absolute.' ");[3] *Wesco Prods. Co. v. Alloy Auto. Co.,* 880 F.2d 981, 985 (7th Cir.1989) ("[T]he one year time limit [in Rule 60(b)] is jurisdictional and may not be extended in any event.") (citing *Ackermann v. United States,* 340 U.S. 193, 197, 71 S.Ct. 209, 95 L.Ed. 207 (1950)); *Freedom, N.Y., Inc. v. United States,* 438 F.Supp.2d 457, 464 (S.D.N.Y.2006) (Mukasey, J.) ("[U]nless the grounds for Freedom's motion [to vacate judgment] can be construed as anything other than the reasons enumerated in Rule 60(b)'s first three clauses, the motion is time-barred."); *cf. Fraige v. American–Nat'l Watermattress Corp.,* 996 F.2d 295 (Fed.Cir. 1993) (considering appeal from refusal to set aside judgment where motion to set aside was filed promptly after judgment and reversing refusal because judgment was tainted by fraud). "A court has no power to grant motions [filed under Fed.R.Civ.P.

60(b)(1), (2), and (3)] that are filed too late." 12 James Wm. Moore, et al., *Moore's Federal Practice* § 60.65[2][a] at 60–202 (3d ed.2007).

The one-year limit on motions based upon Rule 60(b)(1), (2), or (3) begins to run when the "judgment, order, or proceeding [is] entered or taken." RCFC 60(b). In this instance, the judgment was entered pursuant to RCFC 58 on December 29, 2004. Judgment (Dec. 29, 2004). The subsequent appeal did not toll the one-year period, *see Federal Land Bank of St. Louis v. Cupples Bros.,* 889 F.2d 764, 766–67 (8th Cir.1989), and the Federal Circuit's decision affirming the judgment did not start a new period for seeking relief from that judgment. *See Tool Box, Inc. v. Ogden City Corp.,* 419 F.3d 1084, 1088–89 (10th Cir.2005). Mr. Mudge sought relief from the judgment two years and nine months (less two days) from the date the final judgment was entered.[4] Thus, by any measure, Mr. Mudge cannot invoke RCFC 60(b)(3) to seek relief from the judgment on grounds of fraud and misrepresentation because such a request is untimely.

### B. Rule 60(b)(6) or an Independent Action

Arguably, however, Mr. Mudge's application for relief need not necessarily be considered under RCFC 60(b)(3), but, rather, it might be considered to arise under Rule 60(b)(6) or to constitute a separate action to set aside the prior judgment. Mr. Mudge's submission is styled "Plaintiff's Complaint of Perjury" and refers to RCFC 59 respecting motions for reconsideration, not RCFC 60. Rule 60(b)(6) relates to a motion for relief from a final judgment based upon "any other reason justifying relief from the operation of the judgment." The possibility of a separate action to set aside a judgment is recognized by RCFC 60(b), specifically by the last two sentences which provide in pertinent part that *"[t]his rule does not limit the power of a court to entertain an independent action* to

---

**3.** The pertinent provisions of RCFC 60(b) are identical to those of Fed.R.Civ.P. 60(b), and decisions interpreting and applying Fed.R.Civ.P. 60(b) accordingly are relevant authority for this case, albeit not binding.

Notably, the format of Fed.R.Civ.P. 60 is scheduled to change on December 1, 2007, in connection with the projected adoption of a new-

ly restyled version of the Federal Rules of Civil Procedure.

**4.** In addition, the mandate of the court of appeals was issued on February 16, 2006, well more than a year before September 27, 2007, the date Mr. Mudge's application was filed.

relieve a party from a judgment," and *"the procedure* for obtaining any relief from a judgment *shall be by motion* as prescribed in these rules *or by an independent action."* RCFC 60(b) (emphasis added). *See also Freedom, N.Y.,* 438 F.Supp.2d at 465 (considering the viability of an independent action and quoting Fed.R.Civ.P. 60(b)).

■ "Rule 60(b)(6) is [a catch-all provision] available only in extraordinary circumstances and only when the basis for relief does not fall within any of the other subsections of Rule 60(b)." *Fiskars, Inc. v. Hunt Mfg. Co.,* 279 F.3d 1378, 1382 (Fed.Cir.2002). Here, Mr. Mudge's claims of fraud and misrepresentation fit naturally within RCFC 60(b)(3), and RCFC 60(b)(6) would not appear to have a role distinct from that of Rule 60(b)(3). Thus, under *Fiskars,* RCFC 60(b)(6) does not provide an available avenue by which Mr. Mudge can seek redress.

Procedurally, an independent action for relief from judgment presents a divergent set of issues. In *Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.,* 12 F.3d 1080 (Fed.Cir.1993), the Federal Circuit explicitly noted differences between a motion brought under Rule 60(b) and an independent action, particularly where fraud is at issue. There, the court of appeals commented that Rule 60(b)(3) refers to fraud committed by the opposing party, but the savings clause for independent actions in the penultimate sentence of Rule 60(b) refers to fraud upon the court. *Id.* at 1085 (referring to Fed.R.Civ.P. 60(b) ("This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding ... or to set aside a judgment for fraud upon the court.")).

■ An independent action to set aside a judgment is "usually reserved for situations that do not meet the requirements for a motion under the Rule—... [among other things] because the one-year time limit on fraud-based Rule 60(b) motions has expired." 12 *Moore's Federal Practice* § 60.81[1][a]. Such an action is ordinarily viewed as equitable in nature, *id.,* and this court does not have a general grant of jurisdiction to consider purely equitable actions. However, here Mr. Mudge has endeavored to put forward a claim jurisdictionally cognizable in this court by coupling his claim for relief from the prior judgment with a claim for money damages measured by the pay he alleges would be due him under his view of the law and regulations. *See* Pl.'s Mot. at 10–12 ("Back Pay"). The government has responded in opposition to the merits of such an independent claim, contending that "Mr. Mudge fails to consider that this court, and the Federal Circuit, conducted its own *de novo* review of the statutes and regulations and came to a similar conclusion as the three Government experts." Def.'s Resp. at 5.

The government's imprecise terminology leaves something to be desired because the three governmental officials who provided declarations were not qualified as "experts" within the meaning of the Federal Rules of Evidence. *See* Fed.R.Evid. 701, 702. Nonetheless, the government's underlying point is well taken. In reaching its prior decision, the court undertook an independent, detailed review of the pertinent statutes and regulations. *See Mudge IV,* 63 Fed.Cl. at 365–68. Moreover, on appeal the Federal Circuit also conducted a *de novo* review of the applicable law as reflected in statutes and regulations. *See Mudge V,* 154 Fed.Appx. at 917–19. In the submission Mr. Mudge has now put before the court, he has shown no grounds to reopen or disturb the prior rulings. An independent action "will not lie to address any issues that were or could have been litigated in the original action." 12 *Moore's Federal Practice* § 60.82[5]. As a result, even if Mr. Mudge's submission were to be treated as an independent action, Mr. Mudge is not entitled to relief from the prior judgment.

## CONCLUSION

For the reasons stated, Mr. Mudge's submission, treated as a motion for relief from judgment under RCFC 60(b)(3), is DENIED, and, treated as an independent action for relief from judgment, is DISMISSED for failure to state a claim upon which relief could be granted. The Clerk will enter judgment to this effect. No costs.

IT IS SO ORDERED.