Joseph M. MARBLY, Plaintiff–Appellant,

v.

Jack F. WHEATLEY, Director, State Unemployment Agency, in his individual and official capacity, Defendant–Appellee.

No. 03–1701.

United States Court of Appeals, Sixth Circuit.

Feb. 4, 2004.

Joseph M. Marbly, pro se, Detroit, MI, for Plaintiff–Appellant.

Before DAUGHTREY and COLE, Circuit Judges; and POLSTER, District Judge.*

## ORDER

Joseph M. Marbly, proceeding pro se, appeals a district court order denying his petition for leave to file a complaint in which he sought to assert a claim for unemployment benefits pursuant to 26 U.S.C. §§ 3301–3311, 42 U.S.C. § 1983, and 42 U.S.C. "Section 2000 *et seq:* civil rights." This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On April 25, 2000, the United States District Court for the Eastern District of Michigan filed an injunctive order prohibiting Marbly from filing any future lawsuits without first obtaining leave of court. The injunctive order was affirmed by this court on appeal. *See Marbly v. Kay,* No. 00–1530, 2000 WL 1827783 (6th Cir. Dec. 8, 2000) (unpublished order). On April 25, 2003, Marbly filed a petition for leave to file a complaint against Jack F. Wheatley, Director of the Michigan Unemployment Agency. In his petition. Marbly alleged that the Internal Revenue Service terminated his employment on August 8, 1999, after which he sought unemployment compensation benefits. Although Marbly alleged that he had been awarded unemployment compensation benefits in the amount of $600, he claimed entitlement to additional benefits. Specifically, Marbly alleged that he is entitled to twenty six weeks of benefits in the amount of $300 per week, but has not yet received payment of such benefits. In addition, Marbly claimed, in a conclusory fashion, the denial of equal protection.

The district court denied Marbly's petition for leave to file the complaint against Wheatley. Marbly has filed a timely appeal.

A district court has the authority to issue an injunctive order to prevent prolific litigants from filing pleadings without first obtaining court approval to do so. *Feathers v. Chevron U.S.A., Inc.,* 141 F.3d 264, 269 (6th Cir.1998); *Filipas v. Lemons,* 835 F.2d 1145, 1146 (6th Cir.1987). When a litigant who is subject to an injunctive pre-filing review requirement challenges the district court's application of such injunction, we review the district court's order under the abuse of discretion standard of review. *See Feathers,* 141 F.3d at 269–70.

Upon review, we conclude that the district court properly denied Marbly's petition for leave to file a complaint against Wheatley. Marbly's proposed claim for unemployment compensation benefits has either been raised and litigated or could have been raised and litigated in prior proceedings and is, therefore, barred by res judicata principles. *See Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 918 F.2d 658, 660–61 (6th Cir.1990); *White v. Colgan Elec. Co.,* 781 F.2d 1214, 1216 (6th Cir.1986). Moreover, the authorities cited by Marbly in support of his claim for unemployment compensation benefits do not apply to such a claim or entitle him to such benefits. *See* 26 U.S.C. §§ 3301–3311; 42 U.S.C. § 1983; 42

---

* The Honorable Dan A. Polster, United States District Judge for the Northern District of Ohio, sitting by designation.

U.S.C. §§ 2000a–2000h–6. Furthermore, Marbly's conclusory allegation that he has been denied equal protection is insufficient to state a claim for relief. *See Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir.2001); *Lillard v. Shelby County Bd. of Educ.,* 76 F.3d 716, 726 (6th Cir.1996); *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987); *Chapman v. City of Detroit,* 808 F.2d 459, 465 (6th Cir.1986).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.