NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5073

SERAJUL HAQUE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Serajul Haque, Vezina, of Milpitas, California, pro se.

Sean B. McNamara, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellant.  With him on the brief were Peter D. Keisler, Assistant Attorney General; Jeanne E. Davidson, Director; and Mark A. Melnick, Assistant Director.

 Appealed from:  United States Court of Federal Claims

Judge Francis M. Allegra

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5073

SERAJUL HAQUE,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  June 7, 2007

_____

Before GAJARSA, LINN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Serajul Haque appeals from a decision of the United States Court of Federal Claims, No. 06-659C, dismissing his complaint for lack of subject matter jurisdiction. We <u>affirm</u>.

## BACKGROUND

On September 28, 2006, Mr. Haque filed a complaint in the Court of Federal Claims seeking ten million dollars "for the role played/involved in plaintiff's effort-consultancy to governments on reforms and USAID promised in 1994 and remained silent upto 2006 and now saying negative/avoiding from main issue-FTB USA for South

Asia- to cure injustices suffered in Bangldesh from 1980-1998 and issuing lame excuse explanation of law limitation=6years."

On November 14, 2006, the United States filed a motion to dismiss Mr. Haque's complaint under Fed. Cl. R. 12(b)(1) for lack of subject matter jurisdiction and Fed. Cl. R. 12(b)(6) for failure to state a claim upon which relief can be granted. Because Mr. Haque was not represented by an attorney, the court directed him to answer a series of written questions designed to clarify the nature of his claim before ruling on the government's motion. On January 23, 2007, Mr. Haque filed a memorandum responding to the court's questions.

The court understood Mr. Haque's complaint and memorandum to present three types of claims: (1) claims against Bangladesh and state entities; (2) a claim that the United States government breached a contract when it denied Mr. Haque citizenship and twice attempted to remove him from the United States; and (3) general allegations that the United States government breached a contract, the details of which were not specified. The court held that it lacked jurisdiction over all three categories. Mr. Haque appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

DISCUSSION

We have carefully examined both Mr. Haque's complaint and his January 23, 2007, memorandum and agree with the Court of Federal Claims that it lacks jurisdiction.

The Court of Federal Claims is a court of limited jurisdiction. In simple terms, the Court of Federal Claims can only hear certain types of cases. These types of cases are claims for money damages against the United States under an express or implied contract, or under a money-mandating constitutional provision, statute, or regulation.

<u>Fisher v. United States</u>, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc); 28 U.S.C. § 1491(a)(1).

The Court of Federal Claims interpreted Mr. Haque's complaint and memorandum to be seeking damages, in part, from Bangladesh and other state entities. After reading Mr. Haque's submissions, we are unable to tell if he is seeking damages from a government other than the United States government. But if Mr. Haque is indeed seeking damages from other governments, we agree with the Court of Federal Claims that it cannot hear those claims. As explained above, the Court of Federal Claims can only hear certain types of claims against the United States government.

The Court of Federal Claims also understood Mr. Haque to be alleging that the United States government breached a contract when it denied Mr. Haque citizenship and attempted to remove him from the United States. Although Mr. Haque characterizes this claim as a contract claim, we agree with the Court of Federal Claims that this claim actually relates to immigration issues. The Court of Federal Claims does not have jurisdiction to determine whether the government properly denied him citizenship and attempted to remove him from the country. <u>See</u> 8 U.S.C. §§ 1252, 1421 (describing the review process for immigration disputes).

Finally, the Court of Federal Claims held that Mr. Haque failed to plead any facts that would indicate the existence of a contract with the United States government, and thus failed to establish that the court had jurisdiction over his claims. We agree.

Although Mr. Haque generally alleges that the United States breached a contract, Mr. Haque has failed to allege any facts indicating that any contract exists.[1]

## CONCLUSION

We have examined Mr. Haque's submissions and affirm the Court of Federal Claims' dismissal for the reasons stated above.

No costs.

---

[1] Although Mr. Haque's submissions are hard to decipher, a portion of his memorandum actually appears to be an invitation to the government to enter into a contract.