NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RANDOLPH CREWS,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5151

---

Appeal from the United States Court of Federal Claims in case no. 08-CV-068, Senior Judge Bohdan A. Futey.

---

Decided: April 6, 2011

---

RANDOLPH CREWS, of Greensboro, North Carolina, pro se.

CHRISTOPHER L. KRAFCHEK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assis-

tant Attorney General, JEANNE E. DAVIDSON, Director, and BRYANT G. SNEE, Deputy Director.

———————————

Before RADER, *Chief Judge*, GAJARSA and PROST, *Circuit Judges.*

PER CURIAM.

Appellant Randolph Crews appeals from the determination of the U.S. Court of Federal Claims ("Claims Court") denying his motion for a new trial or reconsideration under Rule 59 of the Rules of the United States Court of Federal Claims ("RCFC") and denying his motion for relief from judgment under RCFC 60(b). *Crews v. United States*, No. 08-68C, slip op. at 5 (Aug. 19, 2010). We *affirm*.

BACKGROUND

From 1954 through 1957, Mr. Crews was on active duty with the Regular Air Force. In December of 1957, he received a length of service discharge with an honorable service characterization. Just prior to his discharge, Mr. Crews received a physical examination. Aside from a treatable medical condition in 1955, the physical examination indicated that Mr. Crews was in good health and that he denied having any other significant medical conditions. Approximately nine months after his discharge, Mr. Crews was diagnosed with a medical condition that caused sores in his mouth and throat. He was treated for periodic reoccurrences over the next ten years.

In October of 1967, the Department of Veterans Affairs ("DVA") awarded Mr. Crews a thirty percent disability benefit for a service-connected disability. In 1996, that

service-connected disability award was increased to sixty percent by the DVA.

In April of 2007, Mr. Crews submitted an Application for Correction of Military Record to the Air Force Board for Correction of Military Records ("Board"). The purpose of Mr. Crews's application was to seek correction of his military records to reflect a medical disability discharge, which would entitle him to disability retirement pay. The alleged basis of his disability was an oral surgery in 1957 that used mercury fillings, to which he violently reacted. Pursuant to his request, a Board was convened. The Board, however, denied Mr. Crews his requested relief because it determined that he had not submitted evidence of error or injustice.

On January 29, 2008, Mr. Crews filed a complaint in the Court of Federal Claims. He sought more than $400,000, alleging that he was wrongfully denied disability retirement pay in violation of 10 U.S.C. § 1201 because the Board refused to correct his service records to reflect a medical disability discharge. On December 10, 2008, the Court of Federal Claims determined that it had jurisdiction over Mr. Crews's complaint, but granted the government's request to dismiss his complaint under a laches theory. The court reasoned that Mr. Crews had "been aware of his condition for over forty-eight years at the time he submitted his Application to the Board" and had "clearly slumbered on his rights." *Crews v. United States*, No. 08-68C, slip op. at 5 (Dec. 10, 2008). It further determined that the government was prejudiced by the nearly fifty-year delay because the government's defense would require access to witness testimony and historic records. Witnesses would likely be unavailable and— even if they were available—unable to recall the necessary details after the lengthy passage of time. Similarly,

the court found that written records might have been lost or destroyed. Mr. Crews did not appeal the court's dismissal of his complaint because of laches. He did, however, file a Motion for Reconsideration on February 17, 2009. The court returned the motion because it was not timely filed.[1]

On May 17, 2010, Mr. Crews filed a Motion for New Trial. The government filed its response on July 7, 2010, liberally treating Mr. Crews's numerous requests as a motion for a new trial or reconsideration under RCFC 59 and as a motion for relief from judgment under RCFC 60. The court gave similar treatment to Mr. Crews's requests. It ultimately denied these requests, however, noting that the evidence Mr. Crews submitted was insufficient to grant the relief requested in his motions and that RCFC 6(b)(2) "unequivocally bars the Court from extending the time limits for motions for new trial or reconsideration under RCFC 59(b) or for relief from judgment under RCFC 60(b)." Mr. Crews appealed.

## DISCUSSION

We review both RCFC 59 and RCFC 60 motion rulings by the Court of Federal Claims under the abuse of discretion standard. *See Parsons ex rel. Linmar Prop. Mgmt. Trust v. United States*, 174 F. App'x 561, 562 (Fed. Cir. 2006) (RCFC 59); *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990); *Wilder v.*

---

[1] At the time judgment was entered in the first action, litigants seeking reconsideration were required to submit a motion within ten days of judgment. That time limit has been amended to thirty days and the Court of Federal Claims considered the instant case under the thirty-day deadline.

*United States*, 349 F. App'x 538, 541 (Fed. Cir. 2009) (RCFC 60); *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1376 (Fed. Cir. 2002). "An abuse of discretion exists when, *inter alia*, the lower court's decision was based on an erroneous conclusion of law or on a clearly erroneous finding of fact." *Matos by Rivera v. Sec'y of Dep't of Health & Human Servs.*, 35 F.3d 1549, 1552 (Fed. Cir. 1994) (quoting *Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.*, 12 F.3d 1080, 1083 (Fed. Cir. 1993)).

On appeal, Mr. Crews first argues that the Court of Federal Claims failed to apply 28 U.S.C. § 2501, which bars jurisdiction unless the claim is filed within six years of when the claim first accrued. Next, he appears to argue that the court failed to correctly apply this court's decision in *Cornetta v. United States*, 851 F.2d 1372 (Fed. Cir. 1998). Mr. Crews further contends that the court erred in failing to compensate him for his injury, given than 10 U.S.C. § 1201 is a money-mandating statute. Finally, he argues that distribution regulations for DD Form 214 ("Certificate of Release or Discharge from Active Duty") and DD Form 215 (used for corrections to DD Form 214) are ambiguous, resulting in the concealment of a defect in his military record since 1957. The other arguments and briefing presented by Mr. Crews seek to reargue the issues decided in his initial case before the Court of Federal Claims—a decision for which we note that Mr. Crews did not appeal and is not at issue in the instant appeal.

The government responds, asserting that the Claims Court properly considered the timeliness of Mr. Crews's motions and whether any of the exceptions enumerated in RCFC 59 and 60 applied. It contends that the court correctly determined that Mr. Crews's filings failed to

articulate any reason for granting either his motion for a new trial or reconsideration or his motion for relief from judgment. Next, the government contends that Mr. Crews's argument regarding § 2501 is misplaced because the government never asserted that Mr. Crews's motions were time barred by the six-year statute of limitations. The government further argues that *Cornetta* is distinguishable because in that case, we allowed the claim to go forward despite the government's laches claim because the government had denied the appellant's access to documents, contributing to the delay. The government maintains that Mr. Crews has not demonstrated, let alone argued, that any of the evidence presented with his motions under RCFC 59 and 60 was previously unavailable. As to Mr. Crews's argument that he is due compensation because 10 U.S.C. § 1201 is a money-mandating statute, the government asserts that he has provided no support for his claim and that—as a recipient of service-connected disability benefits since 1967—he is precluded from receiving both retirement pay and a disability pension for the same period of military service. As to Mr. Crews's claim that DD Forms 214 and 215 are ambiguous, the government contends that he has failed to articulate how this alleged ambiguity justifies his delay in filing his motions for reconsideration or his motion for relief from judgment.

We agree with the government. Under RCFC 6(b)(2), the Claims Court may not extend the time to act under RCFC 59(b), (d), and (e) as well as 60(b). Under RCFC 59, the litigant must file a motion for new trial or reconsideration under subsection (a)(1)(A)–(B) "no later than 30 days after the entry of judgment." RCFC 59(b)(1). Judgment was entered in the initial action on December 10, 2008 and Mr. Crews filed his motions in the instant action—more than seventeen months later—on May 17,

2010. Mr. Crews did not file his motion under Rule 59 within the thirty-day period mandated by RCFC 6(b)(2) and we detect no abuse of discretion by the Claims Court in denying relief under RCFC 59. Even if the motion under Rule 59 were timely, Mr. Crews has not made a sufficient evidentiary showing to support a new trial or reconsideration. *See Fru-Con Constr. Corp. v. United States*, 44 Fed. Cl. 298, 300 (1999), *aff'd*, 250 F.3d 762 (Fed. Cir. 2000) (table) (requiring a showing of extraordinary circumstances to justify relief).

RCFC 60 provides six relevant reasons for potentially providing Mr. Crews relief from judgment. The first three reasons—mistake, newly discovered evidence, and fraud—require that the motion for relief be made "within a reasonable time—and . . . no more than a year after the entry of the judgment." RCFC 60(b)(1)–(3), 60(c)(1). The one-year deadline cannot be extended. RCFC 6(b)(2). Because Mr. Crews did not file his RCFC motion within one year, he cannot prevail under subsections (b)(1)–(3) and the Claims Court did not abuse its discretion in denying relief under these provisions. The other three reasons for providing relief from judgment—that the judgment is void, the judgment has been satisfied, or any other reason that justifies relief—are not satisfied under the facts and evidence alleged by Mr. Crews. RCFC 60(b)(4)–(6). The Claims Court determined that he failed to allege or otherwise present evidence that the original judgment is void or has been satisfied. Further, the court determined that Mr. Crews had not presented any evidence of extraordinary circumstances sufficient to persuade the court to provide relief from judgment under the demands of justice. The court's determinations are supported by the record in this case and it did not abuse its discretion in denying relief under subsections (b)(4)–(6) of RCFC 60.

CONCLUSION

Because Mr. Crews did not timely file his motions under RCFC 59 and 60 and because the arguments he makes do not satisfy other applicable provisions for relief, the Claims Court did not abuse its discretion in denying reconsideration, a new trial, or relief from judgment. We have considered Mr. Crews's other arguments regarding the applicability of our case law, certain statutes, and ambiguities in forms used by the government to document and correct military service records. *See e.g.*, 10 U.S.C. § 1201; 28 U.S.C. § 2501; *Cornetta*, 851 F.2d at 1372; *Roberts v. United States*, 312 F. App'x 340 (Fed. Cir. 2009). None of these arguments are persuasive. Further, to the extent Mr. Crews presents arguments relevant to the issues resulting in the dismissal of his complaint in the initial case before the Court of Federal Claims, *Crews*, No. 08-68C, slip op. at 7 (Dec. 10, 2008), we decline to address or reach those issues in this appeal. *See e.g.*, *Browder v. Dep't of Corr. of Ill.*, 434 U.S. 257, 263 n.7 (1978) ("[A]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.").

COSTS

Each party shall bear its own costs.

**AFFIRMED**