NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

KEVIN L. PERRY,
*Plaintiff-Appellant,*

v.

UNITED STATES,
*Defendant-Appellee.*

2013-5037

Appeal from the United States Court of Federal Claims in No. 12-CV-0425, Judge George W. Miller.

Decided: May 8, 2013

KEVIN L. PERRY, of El Centro, California, pro se.

DANIEL RABINOWITZ, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director.

Before NEWMAN, LOURIE, and WALLACH, *Circuit Judges.*

PER CURIAM.

Kevin L. Perry appeals from the final decision of the United States Court of Federal Claims dismissing his claim for lack of subject matter jurisdiction. We affirm.

## BACKGROUND

Mr. Perry filed suit in the Court of Federal Claims challenging the Department of Veterans Affairs ("VA") determination of his VA benefits on June 28, 2012. The Court of Federal Claims dismissed his complaint. The court reasoned that it lacked jurisdiction to review the VA decision because of 38 U.S.C. § 511 and because there are no exceptions within section 511 for violations of the Privacy Act of 1974, Pub. L. No. 93–579, 88 Stat. 1896. Additionally, the Court of Federal Claims determined that it would have to dismiss his claim because Mr. Perry's VA benefits are not property interests for purposes of the Takings Clause. Finally, the Court of Federal Claims dismissed, for lack of jurisdiction, a claim under the Due Process Clause because the Due Process Clause is not money mandating.

Mr. Perry timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

This court reviews *de novo* a dismissal by the Court of Federal Claims for lack of jurisdiction. *Frazer v. United States*, 288 F.3d 1347, 1351 (Fed. Cir. 2002).

The Court of Federal Claims dismissed Mr. Perry's Complaint because the Court of Appeals for Veterans Claims, and not the Court of Federal Claims, has exclusive jurisdiction to review VA determinations regarding disability benefits. This court agrees. Pursuant to 38 U.S.C. § 511(a) the Secretary of Veterans Affairs is re-

sponsible for deciding all questions concerning the provision of benefits to veterans, or the dependents or survivors of veterans.[1] These decisions are "final and conclusive and may not be renewed by other official or by any court," except as otherwise permitted. *Id.* § 511(a) (listing an appeal to the Court of Appeals for Veterans Claims as an exception to preclusion of review). An appeal from the Secretary's decision concerning benefits lies with the Board of Veterans Appeals ("Board"). 38 U.S.C. § 7104. The Board's decisions may be appealed by the claimant to the Court of Appeals for Veterans Claims. 38 U.S.C. § 7252(a). Under certain circumstances, that decision may then be subject to review by this court. 38 U.S.C. §§ 7252(c), 7292.

Here, Mr. Perry appears to argue that this court has jurisdiction to decide his claim, because it has jurisdiction to review VA benefit determinations. However, while this court does have limited jurisdiction to review decisions of the Court of Appeals for Veterans Claims, 38 U.S.C. § 7292(a), that jurisdiction does not extend to review the VA benefit determination itself. Instead, this court's jurisdiction is limited to review of "the validity of a deci-

---

[1] Even if Mr. Perry's claims were not outside of the Court of Federal Claims's jurisdiction due to 38 U.S.C. § 511(a), Mr. Perry still failed to show that the court would have jurisdiction. VA benefits are not considered property interests for the purposes of the Takings Clause. *See Schism v. United States*, 316 F.3d 1259, 1268 (Fed. Cir. 2002) (*en banc*); *Adams v. United States*, 391 F.3d 1212, 1225 (Fed. Cir. 2004). Nor does an assertion of a due process claim pursuant to either the Fifth or Fourteenth Amendment confer jurisdiction, because those constitutional provisions do not obligate the government to pay money. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 2005).

sion of the [Veterans] Court on a rule of law or of any statute or regulation . . . that was relied on by the [Veterans] Court in making the decision." 38 U.S.C. § 7292(a). "Except to the extent an appeal . . . presents a constitutional issue" this court may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). It appears Mr. Perry has previously appealed a decision by the Board to the Court of Appeals for Veterans Claims with regard to his VA benefits determination; however, that decision is not the basis for this appeal. *See Perry v. Nicholson*, No. 05-1686, 2007 U.S. App. Vet. Claims LEXIS 741 (Vet. App. May 16, 2007). Here, the court must determine whether the Court of Federal Claims properly dismissed Mr. Perry's claim for lack of jurisdiction, not whether this court, in other circumstances, has jurisdiction to review this type of claim.

Mr. Perry asserts that the VA has violated the Privacy Act of 1974, and that the Court of Federal Claims should not have dismissed his Complaint because his disability benefits are a property interest protected by the Due Process Clause of the Fifth Amendment. However, section 511 and related statutes vest jurisdiction in the Court of Appeals for Veterans Claims, and divest the Court of Federal Claims of jurisdiction to consider claims challenging VA benefit decisions, even when that challenge is stated to be founded upon the Constitution. *See, e.g., Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1031-32 (9th Cir. 2012) (*en banc*) (discussing how 38 U.S.C. § 511(a) divests district courts of jurisdiction to review VA benefit determinations, and how that power instead lies with the Court of Appeals for Veterans Claims instead); *Beamon v. Brown*, 125 F.3d 965, 972-74 (6th Cir. 1997) (discussing the history and scope of the Court of Appeals for Veterans Claims); *Sugrue v. Derwinski*, 26 F.3d 8, 10 (2d Cir. 1994) ("[C]ourts do not acquire jurisdiction to hear challenges to benefits decisions merely

because those challenges are cloaked in constitutional terms."). Accordingly, the Court of Federal Claims correctly held that it was precluded from asserting jurisdiction over Mr. Perry's claim by operation of 38 U.S.C. § 511.

As a separate matter, Mr. Perry has filed a petition for writ of mandamus with this court requesting his VA benefits. It appears that Mr. Perry also sought a writ of mandamus from the Court of Federal Claims. "A writ of mandamus is an extraordinary remedy." *Hargrove v. Shinseki*, 629 F.3d 1377, 1379 (Fed. Cir. 2011) (internal quotation marks and citation omitted). A writ should not be issued unless the petitioner has no adequate alternative means to attain the desired relief, has established a clear and indisputable right to the writ, and the court considers the writ appropriate under the circumstances. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380-81 (2004). A writ of mandamus is not a substitute for the regular appeal process, *id.*, and cannot be used here to rectify Mr. Perry's failure to file in the court that has jurisdiction over his claim.

**AFFIRMED**

No costs.