NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**KEVIN L. PERRY,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

2013-5125

Appeal from the United States Court of Federal Claims in No. 12-CV-0525, Judge Nancy B. Firestone.

Decided: December 6, 2013

KEVIN L. PERRY, of El Centro, California, pro se.

DANIEL B. VOLK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

Before RADER, *Chief Judge,* LOURIE, and PROST, *Circuit Judges.*

PER CURIAM.

Kevin L. Perry seeks review of a decision of the United States Court of Federal Claims dismissing his complaint for failing to comply with the terms of a pre-filing injunction imposed by the United States District Court for the Southern District of California. *Perry v. United States*, No. 12-525C, 2013 WL 2425118 (Fed. Cl. June 4, 2013). The injunction prevented Mr. Perry from filing a new civil action in any federal court without meeting certain requirements. *See Perry v. Veolia Transp.,* No. 11-cv-176, 2011 WL 4566449, at *10-11 (S.D. Cal. Sept. 30, 2011). Because the Court of Federal Claims did not abuse its discretion in finding that (1) the injunction issued by the district court extended to this case; (2) Mr. Perry violated the terms of the injunction; and (3) dismissal was appropriate in this case, we affirm.

BACKGROUND

Mr. Perry began working for the County of San Diego, California in August 1988. *Perry,* 2013 WL 2425118, at *1. He later enlisted in the United States Army, in which he served for four years. *Id.* Before he was honorably discharged, Mr. Perry submitted an application for reemployment to the County of San Diego. *Id.* Mr. Perry was then reemployed by the County of San Diego from 1995-97. *Id.*

In 2009, Mr. Perry submitted a complaint to the United States Department of Labor against the County of San Diego requesting referral to the United States Department of Justice for alleged violations of the Veterans' Reemployment Rights Act ("VRRA"), 38 U.S.C. §§ 2012-27 (1998). *Perry,* 2013 WL 2425118, at *1. The Department of Labor concluded that Mr. Perry was not eligible for protection and declined to recommend that the Depart-

ment of Justice undertake litigation on Mr. Perry's behalf. *Id.*

In 2011, Mr. Perry brought twelve causes of action against Veolia Transportation Services, Inc. and First-Group PLC arising from both a contract between the County of San Diego and the defendants and Perry's termination from employment with one or both of the defendants. *Perry*, 2011 WL 4566449, at *1. Following the dismissal of that case, FirstGroup moved for an order declaring Mr. Perry to be a vexatious litigant, which the district court judge granted. *Id.* at *10. The district court judge explained that "[i]t is time to ensure that Perry may still pursue meritorious claims in federal court without subjecting potential (and past) defendants to costly litigation of frivolous claims." *Id.* The district court enjoined Mr. Perry from filing any new civil actions in any federal court of the United States without abiding by the terms of its pre-filing order. *Id.* at *11.

On August 20, 2012, Mr. Perry filed a complaint in the Court of Federal Claims alleging that the County of San Diego, California violated his rights under the VRRA and "took his property rights when it did not immediately reemploy him in the same position he had held prior to a period of military service." *Perry,* 2013 WL 2425118, at *1. Mr. Perry requested an order directing the United States Department of Labor to amend its referral to the Department of Justice and an order directing the Attorney General to provide Mr. Perry with legal representation. He also requested compensation of $20 million. *Id.* at 2.

The Court of Federal Claims never reached the merits of Mr. Perry's case and instead granted the Government's request for summary dismissal of Mr. Perry's complaint on the basis that Mr. Perry had not complied with the terms of the pre-filing injunction entered by the district court. *Perry*, 2013 WL 2425118, at *2. The trial court

found that the injunction issued by the district court extended to this case and found that dismissal was appropriate given Mr. Perry's violation of its terms. *Id.* The Court of Federal Claims also held that even if the injunction did not bar Mr. Perry's complaint, the court lacked jurisdiction to entertain the allegations contained in the amended complaint, so dismissal was also appropriate on that alternative basis. *Id.* at *3. Mr. Perry has appealed the Court of Federal Claims' judgment.

## DISCUSSION

We review the Court of Federal Claims' dismissal of a complaint for violation of a district court's pre-filing injunction for an abuse of discretion. *See Claude E. Atkins Enters., Inc. v. United States,* 899 F.2d 1180, 1183 (Fed. Cir. 1990); *Marbly v. Wheatley*, 87 F. App'x 535, 536 (6th Cir. 2004) ("When a litigant who is subject to an injunctive pre-filing review requirement challenges the district court's application of such injunction, we review the district court's order under the abuse of discretion standard of review.").

A court may dismiss a complaint filed by a vexatious litigant that violates an injunctive order entered by another court. *Dantzler v. United States Equal Emp't Opportunity Comm'n,* 810 F. Supp. 2d 312, 319 (D.D.C. 2011). In this case Mr. Perry does not attempt to argue that his conduct was in compliance with the district court's injunctive order, and it is clear that it was not. In fact, he did not even alert the court that he was subject to a pre-filing injunction in his initial pleadings, although he at least acknowledged it in response to the Government's motion. Since Mr. Perry does not dispute that he violated the terms of the injunction issued by the district court, the Court of Federal Claims did not abuse its discretion in dismissing Mr. Perry's claims.

On appeal, Mr. Perry's main arguments focus on challenging the district court's authority in issuing the injunc-

tive order.  However, "[t]he proper course for a dissatisfied litigant to redress legal errors is through appeal, not by collateral attack on the judgment in a separate lawsuit." *Ullman v. United States*, 64 Fed. Cl. 557, 571 (2005). Therefore, Mr. Perry cannot collaterally attack the validity of the district court's injunction in proceedings in the Court of Federal Claims.  *See Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 376 (1940).  The proper course of action is for courts to require parties to abide by the terms of pre-filing injunctions.  *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387-88 (11th Cir. 1993). ("The injunction entered by the Connecticut district court and upheld by the Second Circuit is a reasonable response to the abusive litigation of [plaintiff] . . . and it will be enforced in this circuit as it has been in others.").  Thus, the Court of Federal Claims and this court need not consider Mr. Perry's challenges to the injunctive order.

The Court of Federal Claims was correct to dismiss the complaint against the Government because of Mr. Perry failure to comply with the district court's pre-filing injunctive order.  Since we affirm on that ground, we need not consider whether the Court of Federal Claims had subject matter jurisdiction to consider Mr. Perry's claims.

**AFFIRMED**