NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN L. PERRY,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2014-5021

---

Appeal from the United States Court of Federal Claims in No. 1:12-cv-00425-MBH, Judge Marian Blank Horn.

---

Decided: March 11, 2014

---

KEVIN L. PERRY, of El Centro, California, pro se.

JENNIFER E. LAGRANGE, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and DONALD E. KINNER, Assistant Director.

---

Before NEWMAN, O'MALLEY, and WALLACH, *Circuit Judges.*

PER CURIAM.

Mr. Perry appeals the United States Court of Federal Claims' order denying his Motion for relief under Rule 60(b)(6) of the Rules of the United States Court of Federal Claims. Because Mr. Perry identifies no legal or factual error in the Court of Federal Claims' decision, this court affirms.

BACKGROUND

On June 28, 2012, Mr. Perry filed suit in the Court of Federal Claims challenging the United States Department of Veterans Affairs' ("VA") determination of his VA benefits. The Complaint was dismissed for lack of jurisdiction because (1) 38 U.S.C. § 511 (2006) prohibits review of VA decisions except in the United States Court of Appeals for Veterans Claims ("Veterans Court") (and in certain other circumstances not applicable here); (2) Mr. Perry did not allege a cognizable property interest for purposes of the Takings Clause of the Fifth Amendment; and (3) jurisdiction was not proper over his apparent due process claim because the Due Process Clause is not money-mandating. Appellee's App. ("App.") 18.

Mr. Perry appealed and on May 8, 2013, this court affirmed the Court of Federal Claims' decision, agreeing that, pursuant to § 511, the Veterans Court "and not the Court of Federal Claims, has exclusive jurisdiction to review VA determinations regarding disability benefits." *Perry v. United States*, 524 F. App'x 680, 681 (Fed. Cir. 2013) (unpublished), *reh'g denied* (June 5, 2013). While this court observed that "[i]t appears Mr. Perry has previously appealed a decision by the Board [of Veterans Affairs] to the Court of Appeals for Veterans Claims with regard to his VA benefits determination," it stated "that decision is not the basis for this appeal." *Id.* at 682 (citing

*Perry v. Nicholson,* 23 Vet. App. 502 (2007)). This court further noted that even if § 511 did not divest the Court of Federal Claims of jurisdiction over Mr. Perry's claims, he failed to allege a cognizable property interest sufficient to state a claim under the Takings Clause of the Fifth Amendment. *Id.* at 681 n.1. Mr. Perry filed a petition for panel rehearing, which was denied on June 5, 2013.

On July 19, 2013, Mr. Perry returned to the Court of Federal Claims and, by leave of the judge then assigned to the case, filed a motion for relief from judgment titled "[Rule] 60(b)(6) Motion for Relief from Court Order Dismissing Complaint 12-425C [and] Motion to Transfer Due Procfess [sic] Claim Pertaining to VA Disability Compensation to the United States Court of Appeals for the Federal Circuit" (the "Motion"). App. 3, 4.

The Court of Federal Claims denied the Motion on November 14, 2013. While noting that "[i]n rare and extraordinary circumstances, even after the appellate court affirms the trial court's decision, the trial court judge may consider whether circumstances not previously known to either court compel reopening of the case," the Court of Federal Claims found that Mr. Perry had "fail[ed] to describe any new issue" that might warrant a transfer or relief under Rule 60(b)(6). App. 6. Instead, Mr. Perry had simply (1) reiterated his assertion that the Court of Federal Claims possesses jurisdiction to review his challenge to the determination of his VA benefits, and (2) tried to re-characterize his claim as one arising under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. § 300aa-1 (2006), or the Military Pay Act, 37 U.S.C. § 204 (2006). App. 6.

In addition, the Court of Federal Claims stated that, although the previously-assigned judge had allowed the filing of Mr. Perry's Motion:

> [Mr.] Perry already has been deemed "a vexatious litigant" by the United States District Court for

the Southern District of California, based on "numerous and meritless state and federal court actions." Mr. Perry was enjoined by that court's September 30, 2011 Order from filing any new civil actions "in this or any federal court of the United States without first obtaining leave of that court." Specifically, Mr. Perry was instructed "to attach a copy of [the Southern District of California's] Order to any new actions that he may file in any federal court." He also was directed to "lodge with the Clerk of Court . . . [a] sworn affidavit or declaration certifying that:

> I. the complaint r[a]ises a new issue which has never been raised previously by him in either a state or federal court

> II. that his claim is well-grounded in fact and in law and is not frivolous

> Ill. that in prosecuting the action, he will comply with all federal and local rules of civil procedure."

App. 5 (quoting *Perry v. Veolia Transp.*, No. 11-CV-176-LAB-RBB, 2011 WL 4566449, at *14–16 (S.D. Cal. Sept. 30, 2011)).

While Mr. Perry did not attach the required affidavit or declaration,[1] he did alert the previously-assigned judge

---

[1] On August 20, 2012, Mr. Perry filed a different Complaint in the Court of Federal Claims alleging violations of his rights under the Veterans' Reemployment Rights Act, 38 U.S.C. §§ 2021–2027 (1988). *Perry v. United States*, No. 12-525C, 2013 WL 2425118 (Fed. Cl. June 4, 2013). The Court of Federal Claims dismissed that Complaint for failure to comply with the terms of the Southern District of California's pre-filing injunction. *Id.*

to the Southern District of California case and stated that his "motion raises a new issue which has never been raised previously by me in any other state or federal court or this court." App. 6. The Court of Federal Claims disagreed, concluding "[n]o new matters, which have 'come to light after the appellate court has issued a decision,' have been raised by plaintiff. Nor have matters alleging events not known to either this court or the Federal Circuit when issuing their decisions been identified." App. 6 (quoting *Bernheim v. Jacobs*, 144 F. App'x 218, 222 (3d Cir. 2005); *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18 (1976)).

On November 22, 2013, Mr. Perry appealed. Because the Court of Federal Claims' ruling on a Rule 60(b) motion "is final and appealable pursuant to 28 U.S.C. § 1292," *Venture Indus. Corp. v. Autoliv ASP, Inc.*, 457 F.3d 1322, 1327 (Fed. Cir. 2006), this court has jurisdiction under 28 U.S.C. § 1295(a)(3) (2012).

---

at *2 ("The district court, in noting that Mr. Perry has brought at least eight other unsuccessful suits since 1997, . . . concluded that his suits are 'frivolous' and 'form a pattern of harassment.' The court deemed Mr. Perry a vexatious litigant and issued an order . . . enjoin[ing Mr. Perry] from filing any new civil actions in this or any other federal court of the United States without first obtaining leave of that court.") (quoting *Perry v. Veolia*, 2011 WL 4566449, at *10). The Court of Federal Claims concluded "Mr. Perry did not include all the attachments required by the injunction . . . . Accordingly, Mr. Perry violated the terms of the injunction issued by the district court and dismissal is appropriate on those grounds." *Id.* at *2. This court affirmed on December 6, 2013. *Perry v. United States*, No. 2013-5125, 2013 WL 6333459 (Fed. Cir. Dec. 6, 2013) (unpublished).

DISCUSSION

Under Rule 60(b)(6), the Court of Federal Claims "may relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." The United States Supreme Court, however, has "caution[ed] that [the Rule] should only be applied in 'extraordinary circumstances.'" *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 864 (1988) (quoting *Ackermann v. United States,* 340 U.S. 193, 200 (1950)); *see also Info. Sys. & Networks Corp. v. United States*, 994 F.2d 792, 795 (Fed. Cir. 1993) ("[S]ubsection (6) [of Rule 60(b)] requires a showing of 'extraordinary circumstances.'").

"This court . . . reviews a trial court's ruling on a Rule 60(b) motion for abuse of discretion." *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1376 (Fed. Cir. 2002) (citing *Info. Sys. & Networks,* 994 F.2d at 794). "An abuse of discretion exists 'when the trial court's decision is clearly unreasonable, arbitrary or fanciful, or is based on clearly erroneous findings of fact or erroneous conclusions of law.'" *Lazare Kaplan Int'l, Inc. v. Photoscribe Techs., Inc.*, 714 F.3d 1289, 1293 (Fed. Cir. 2013) (quoting *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002)).

Mr. Perry argues the Court of Federal Claims failed to take into account certain facts. However, once again Mr. Perry simply reiterates his contention that the determination of his VA benefits violated the Takings Clause of the Fifth Amendment, Appellant's Br. 1 ("I had a property interest in my professional military career with the United States Army."), and that the Court of Federal Claims has jurisdiction to award him relief, Appellant's Br 5–6 ("The United States Court of Federal claims has jurisdiction (28 U.S.C. § 1491(a)(2)) to order the Board of Veteran's Appeal to amend my [VA benefits] . . . and award me

VA disability compensation in accordance with 38 U.S.C.A. §§ 1110 and 1114(s).").

This court has already held that the Court of Federal Claims lacks subject matter jurisdiction to address these claims. *Perry*, 524 F. App'x at 681. The mandate has issued in the case rendering this court's jurisdictional holding final and binding under the mandate rule. *See, e.g., Banks v. United States*, No. 2012-5067, 2014 WL 292403, at \*5 (Fed. Cir. Jan. 28, 2014) ("Once a question has been considered and decided by an appellate court, the issue may not be reconsidered at any subsequent stage of the litigation, save on appeal."). Mr. Perry's Rule 60(b)(6) Motion cannot reopen this court's prior jurisdictional decision for review. *See Browder v. Dir., Dep't of Corrs. of Ill.*, 434 U.S. 257, 263 n.7 (1978) ("The Court of Appeals may review the [Rule 60(b)] ruling only for abuse of discretion . . . and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.").

In addition, Mr. Perry has identified no facts the Court of Federal Claim has incorrectly decided or failed to take into account. Simply put, no attempt has been made to demonstrate "extraordinary circumstances" that would warrant post-judgment review under Rule 60(b)(6). *Liljeberg*, 486 U.S. at 864. The Court of Federal Claims did not abuse its discretion in concluding as much.

Mr. Perry also argues the Court of Federal Claims applied the wrong law, citing *Chambers v. United States*, 417 F.3d 1218 (Fed. Cir. 2005), a case in which the Department of the Army Board for Correction of Military Records ("ABCMR") denied a plaintiff's request to reopen his honorable discharge to determine whether he should have received military disability pay under 10 U.S.C. § 1201. In *Chambers*, this court held the Court of Federal Claims possessed subject matter jurisdiction over a claim because it was a disability retirement pay case under 10

U.S.C. § 1201, which is a money-mandating statute for purposes of the Tucker Act, 28 U.S.C. § 1491. *Chambers*, 417 F.3d at 1223.

Mr. Perry now attempts to characterize his original Complaint as a claim for disability retirement pay under 10 U.S.C. § 1201, attaching a July 16, 2010 letter from the ABCMR denying his request for reconsideration of a case considered in September 2002.[2] Appellant's Br. 4 ("I want the court to change my honorable discharge to a 100% medical discharge and award me military disability retirement and pay in accordance with 10 U.S.C §§ 1201(a) and 1552(a)(l). I am suffering from disabilities I incurred from human experimentation with prescription drugs caused by the United States Government, U.S. Army, and Department of Veterans' Affairs.").

Mr. Perry has not brought a claim for disability retirement pay under 10 U.S.C. § 1201. Instead, he is once again challenging the VA's determination of his VA benefits, but relying on a different document for jurisdiction. As stated, however, a Rule 60(b)(6) motion cannot be used to reopen Mr. Perry's case. There is no basis to conclude that the Court of Federal Claims abused its discretion in denying the Rule 60(b)(6) Motion.

Finally, it would be remiss of this court to ignore the Southern District of California's pre-filing injunction. *See Perry v. Veolia Transp.*, 2011 WL 4566449, at *11 (taking notice of the twenty-two state court orders, dockets reports, and complaints filed in support of a motion to

---

[2]    As Appellee notes, "[t]o the extent Mr. Perry seeks to assert new claims based on the dispute underlying the July 16, 2010 letter, any such claims appear to be time-barred as the ABCMR denied reconsideration in September 2003." Appellee's Br. 8 n.4 (citing *Chambers*, 417 F.3d at 1227).

declare Perry a vexatious litigant, and concluding that "[t]he present complaint, as well as the previous state court actions, illustrate not only that Perry's suits are frivolous, but that they form a pattern of harassment."). That injunction specified that "Kevin L. Perry is enjoined from filing any new civil actions in this or any other federal court of the United States without first obtaining leave of that court. Kevin L. Perry must attach a copy of this Order to any new actions that he may file in any federal court." *Id.* This court agrees with the Court of Federal Claims that Mr. Perry's present motions "are yet additional instances by plaintiff of his filing frivolous claims." App. 7.

## CONCLUSION

Accordingly, the United States Court of Federal Claims' order denying Mr. Perry's Motion for relief under Rule 60(b)(6) is affirmed. In addition, the United States Court of Federal Claims is directed to bar any further filings by this plaintiff that do not comply with the directions and requirements of the United States District Court for the Southern District of California's pre-filing injunction. *Perry v. Veolia Transp.*, 2011 WL 4566449, at *11.

## AFFIRMED

### COSTS

Costs imposed on Appellant.