NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LAWRENCE MENDEZ, JR.,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2014-5116

---

Appeal from the United States Court of Federal Claims in No. 1:11-cv-00160-CFL, Judge Charles F. Lettow.

---

Decided: January 8, 2015

---

LAWRENCE MENDEZ, JR., Oceanside, California, pro se.

MATTHEW F. SCARLATO, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were STUART F. DELERY, Principal Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and DEBORAH A. BYNUM, Assistant Director.

———————————

Before PROST, *Chief Judge,* O'MALLEY, and TARANTO, *Circuit Judges.*

PER CURIAM.

Lawrence Mendez, Jr., a former Marine Corps officer, appeals a decision of the United States Court of Federal Claims ("CFC") denying his motion for relief under Rule 60(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See Mendez v. United States*, No. 11–160C, 2014 U.S. Claims LEXIS 592 (June 18, 2014) ("*Claims Decision*"). Because the Court of Federal Claims did not abuse its discretion, we *affirm*.

## BACKGROUND

On March 14, 2011, Mendez filed a complaint in the CFC, alleging that the preparation and review of his Marine Corp fitness report violated a Marine Corps regulation, Order P1610.7F. If the report had been correctly processed, Mendez contended that he would not have been denied promotion twice, or involuntarily removed from the Marine Corps. Mendez and the United States filed cross-motions for judgment on the administrative record.

Upon review of these motions, the CFC granted judgment on the merits in favor of the United States on all but one issue. *Mendez v. United States*, 103 Fed. Cl. 374, 382–85 (2012). It determined that the report had been properly prepared and reviewed, but that the person conducting the second review of the fitness report had not resolved all factual discrepancies as required by regulation. Specifically, the CFC found that the reviewer had not reconciled conflicting reports regarding Mendez's decision as a commanding officer to allow one of his subordinates to return home to care for his wife after a surgery. *Id.* at 382. In light of this failure, the CFC

remanded the case to the Board for Correction of Naval Records ("the Board"), so that the inconsistencies could be properly addressed.

On remand, Mendez's fitness report was amended to remove any reference to the surgical care incident. The Board, however, still concluded that the fitness report was adverse, because there were several other issues regarding his conduct as an officer, including his lack of military occupational specialty knowledge, his inability to lead, his failure to accept responsibility, and his inappropriate behavior toward senior officers. Therefore, the Board found that it was unlikely Mendez would have been promoted. Accordingly, the Board determined that there was no reason to set aside Mendez's discharge.

Mendez appealed this decision to the CFC, and the court concluded that the Board's decision to modify, but not expunge, the fitness report was not arbitrary or capricious, or unsupported by substantial evidence. *Mendez v. United States*, 108 Fed. Cl. 350, 356 (2012). In light of this decision, the CFC entered judgment in favor of the Government on December 20, 2012. Mendez then appealed this decision to this court, which upheld the CFC's determination. Following an unsuccessful attempt to have the case reheard by this court, Mendez filed a petition for writ of certiorari to United States Supreme Court, which was denied on February 24, 2014. *Mendez v. United States*, 134 S. Ct. 1281 (2014).

On March 26, 2014, Mendez filed a motion to reconsider in the CFC, requesting that the CFC reevaluate its prior decision denying his claims for improper discharge from the Marine Corps. Because the motion was filed well after the 28 day deadline to file a RCFC 59(a) motion to reconsider, the CFC treated Mendez's motion as a motion for relief from judgment under RCFC 60(b). Additionally, since Mendez filed his motion more than a year after judgment and failed to allege any grounds

which could support a motion under Rule 60(b)(2)-(5), the CFC determined that his motion could only be considered under Rule 60(b)(6).  The court then found, that Mendez failed to demonstrate the type of extraordinary circumstances necessary to justify relief under Rule 60(b)(6).  Accordingly, the CFC denied Mendez's motion.

 Mendez timely appealed the CFC's decision to this court.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

### DISCUSSION

We review the CFC's decision on a Rule 60(b) motion for abuse of discretion.  *Perry v. United States*, 558 F. App'x 1004, 1006 (Fed. Cir. 2014); *Brickwood Contractors, Inc. v. United States*, 288 F.3d 1371, 1376 (Fed. Cir. 2002).  "An abuse of discretion exists when, *inter alia*, the lower court's decision was based on an erroneous conclusion of law or on a clearly erroneous finding of fact." *Crews v. United States*, 424 F. App'x 937, 941 (Fed. Cir. 2011) (quoting *Matos by Rivera v. Sec'y of Dep't of Health & Human Servs.*, 35 F.3d 1549, 1552 (Fed. Cir. 1994)).

Under RCFC 60(b)(6), the CFC "may relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief."  This provision is only available in extraordinary circumstances, however.  *See Liljeberg v. Health Servs. Acquistion Corp.*, 486 U.S. 847, 864 (1988); *see also Infiniti Info. Solutions, LLC v. United States*, 93 Fed. Cl. 699, 704 (2010) (citing *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002)). Such extraordinary circumstances exist if a person can demonstrate that he was not at fault for his predicament. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S 380, 393 (1993) ("To justify relief under [Rule 60(b)(6)], a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay."); *Ackermann v. United States*, 340 U.S. 193, 195–

197 (1950); *Klapprott v. United States*, 335 U.S. 601, 604–609 (1949).

   Mendez argues that the CFC erred because it denied his motion as untimely, even though Rule 60(b)(6) has no specific time limitations, and incorrectly determined that his claims do not demonstrate "extraordinary circumstances" that warrant relief from judgment.[1]

   The CFC did not abuse its discretion in denying Mendez's motion.  Mendez is correct that Rule 60(b)(6) has no specific time limit, but the CFC did not rest its decision on a finding that Mendez had failed to file his motion within a proscribed time.  While the CFC discussed how Rule 60(b)(1)–(3) are subject to a one-year limitation period, it explicitly stated that a Rule 60(b)(6) motion is not subject to such strict time constraints, but must only be made within a reasonable time.  *Claims Decision*, 2014 U.S. Claims LEXIS 592, at *12.  Rather, the CFC denied Mendez's motion because he failed to satisfy the "extraordinary circumstances" requirement of Rule 60(b)(6).  In denying his motion, the CFC correctly explained that Mendez could have filed his motion at any time after the judgment and was, thus, not faultless for his current situation.  The CFC also noted—properly—that the arguments Mendez raised in his motion for reconsideration were all arguments that he could have raised in his original case before the CFC.  Absent any evidence that he was prevented from raising these issues earlier, the CFC correctly determined that Mendez had failed to present extraordinary circumstances that warranted relief.

---

   [1]   Mendez does not contest the CFC's decision to treat his untimely RCFC 59 motion as a RCFC 60(b) motion.

CONCLUSION

Accordingly, the CFC's order denying Mendez's motion for relief under Rule 60(b)(6) is affirmed.

**AFFIRMED**