NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN L. PERRY,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2016-2329

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-3362, Judge William P. Greene, Jr.

---

Decided: November 8, 2016

---

KEVIN L. PERRY, El Centro, CA, pro se.

DAVID MICHAEL KERR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE; AMANDA BLACKMON, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before REYNA, LINN, and WALLACH, *Circuit Judges.*

PER CURIAM.

Mr. Kevin L. Perry appeals a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his request for reconsideration. We dismiss Mr. Perry's appeal for lack of jurisdiction, as Mr. Perry challenges only factual findings and the application of facts to law, which are beyond the jurisdiction of this court.[1]

## BACKGROUND

Mr. Perry served on active duty in the U.S. Army from November 1990 to October 1994. In November 1994, he filed a claim for veterans' benefits, seeking disability compensation for a skin condition, an elbow injury, and an ankle injury. In 1995, a Department of Veterans Affairs ("VA") regional office ("RO") granted service con-

---

[1] Mr. Perry appears to be subject to an injunction from filing new civil actions in federal courts without obtaining leave of the court. *See, e.g., Perry v. Veolia Transp.*, No. 11-CV-176-LAB-RBB, 2011 WL 4566449, at *11 (S.D. Cal. Sept. 30, 2011); *Perry v. United States*, 558 F. App'x 1004, 1008 (Fed. Cir. 2014) (directing the Court of Federal Claims to bar further filings by Mr. Perry); *Perry v. United States*, No. 14-587C, 2014 U.S. Claims LEXIS 1484 (Fed. Cl. Dec. 23, 2014) (detailing Mr. Perry's vexatious litigation). It is not clear from the record whether leave was obtained by Mr. Perry when filing in the Veterans Court, or whether a copy of the injunction was filed with the case as set forth by the district court's order. We dismiss this case on other grounds today, but we remind Mr. Perry that this injunction should be addressed in any future filings with the federal courts.

nection for the skin condition, but denied his claim of service connection for the ankle and elbow injuries. Mr. Perry did not appeal this determination and it became final.

In 2001, Mr. Perry submitted additional evidence. He requested an increased disability rating for his skin condition and to reopen his previously denied claim for an ankle disability. He also sought disability compensation for various other conditions he alleged were service connected. The RO denied the claims. Mr. Perry appealed this determination, and the VA undertook additional evidentiary development.

In 2005, the Board of Veterans' Appeals ("Board") issued a decision denying Mr. Perry's claims for service connection for disabilities of the hips, knees, and ankles. The Board remanded an issue relating to the original 1995 rating decision for the skin condition.

Mr. Perry appealed the Board's decision to the Veterans Court. He argued that the Board failed to consider whether the claimed conditions were "aggravated by his in-service right ankle injury." In its 2007 decision, the Veterans Court rejected this argument and affirmed the Board's decision. Thereafter, Mr. Perry petitioned the Board for reconsideration of the 2005 Board decision. The Board dismissed the motion for lack of jurisdiction.

Mr. Perry then requested that the RO reopen the previously disallowed claims based on newly submitted evidence. The RO concluded that the evidence was insufficient to reopen the disallowed claims. Mr. Perry appealed from this determination and continued to submit additional evidence in support of his previously disallowed claims. In 2015, the Board again denied Mr. Perry's claims, noting that Mr. Perry offered no new or different theories. Mr. Perry appealed from that decision to the Veterans Court. In June 2016, the Veterans Court affirmed the Board's determination that new and

material evidence had not been presented to reopen Mr. Perry's claims.

In his appeal to the Veterans Court, Mr. Perry challenged the Board's finding about the materiality of various documents he submitted. The Veterans Court found that Mr. Perry failed to demonstrate how these documents were directly relevant to his claim. The Veterans Court affirmed the Board's decision and this appeal followed.

## DISCUSSION

Our jurisdiction over appeals from the Veterans Court is limited. This court has exclusive jurisdiction "to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof . . . and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c) (2006). Absent a constitutional issue, we lack jurisdiction to "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* at § 7292(d)(2).

Here, Mr. Perry does not challenge the validity or interpretation of a statute or regulation or any constitutional issue. *See* Informal Br. of Appellant 1. Rather, Mr. Perry contends that the Board and the Veterans Court erred in denying his request to reopen his prior disallowed claims in light of new evidence. He re-argues the merits of his claims and challenges the factual findings of the Board. This court does not have jurisdiction to review those issues.

For the reasons stated above, we find that we are without jurisdiction to consider this appeal and must therefore dismiss this case.

## DISMISSED

## Costs

Costs to the United States.