NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**SERAJUL HAQUE,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

———————————

2016-2429

———————————

Appeal from the United States Court of Federal Claims in No. 1:06-cv-00659-FMA, Judge Mary Ellen Coster Williams.

———————————

Decided: April 7, 2017

———————————

SERAJUL HAQUE, Milpitas, CA, pro se.

HEIDI L. OSTERHOUT, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

———————————

Before LOURIE, REYNA, and WALLACH, *Circuit Judges.*

PER CURIAM.

Appellant Serajul Haque appeals an order of the U.S. Court of Federal Claims denying his motion to reopen an action that he filed in 2006. The Court of Federal Claims dismissed the action in 2007 for lack of subject matter jurisdiction, *see* Appellee's App. 1–3, and we affirmed the dismissal later that year, *see Haque v. United States*, 236 F. App'x 622, 624 (Fed. Cir. 2007). Nine years later, Mr. Haque sought to reopen the final judgment issued in the action for various reasons, *see* Appellee's App. 9–10, but the Court of Federal Claims denied Mr. Haque's Motion because he "ha[d] not articulated any legitimate basis for re-opening his case," *id.* at 11.

Rule 60(b) of the Rules of the Court of Federal Claims ("RCFC") authorizes a party to seek relief from a final judgment in a number of situations. *See* RCFC 60(b)(1)–(6). Before the Court of Federal Claims, Mr. Haque did not identify the particular provision in RCFC 60(b) under which he seeks relief, *see* Appellee's App. 9–10, and he does not do so on appeal, *see generally* Appellant's Br. As a result, we treat Mr. Haque's Motion as a request to reopen pursuant to RCFC 60(b)(6) for "any other reason that justifies relief."

"We review the [Court of Federal Claims]'s decision on a Rule 60(b) motion for abuse of discretion." *Mendez v. United States*, 600 F. App'x 731, 732–33 (Fed. Cir. 2015) (citations omitted). Having reviewed the briefs and the record before us, we conclude that the Court of Federal Claims did not abuse its discretion in denying Mr. Haque's Motion. Moreover, during the pendency of the present appeal Mr. Haque has filed numerous miscellaneous papers in addition to his brief. Accordingly, we will not accept any further papers from Mr. Haque related to the reopening of his 2006 action. The Court of Federal Claims's Order denying Mr. Haque's Motion is

**AFFIRMED**