NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1128

BOARD OF EDUCATION OF THE STATE OF FLORIDA
(for and on behalf of the Board of Regents of Florida State University),
MDS RESEARCH FOUNDATION, INC., and TAXOLOG, INC.,

Plaintiffs-Appellees,

v.

AMERICAN BIOSCIENCE, INC.
(formerly known as Vivorx Pharmaceuticals, Inc.),

Defendant-Appellant,

and

CHUNLIN TAO,

Defendant.

_____

DECIDED: February 22, 2005

_____

Before MICHEL, Chief Judge,[*] NEWMAN and RADER, Circuit Judges.

RADER, Circuit Judge.

Following entry of the mandate in The Bd. of Educ. v. Am. Bioscience, Inc., 333 F.3d 1330 (Fed. Cir. 2003) (ABI I), American Bioscience, Inc. (ABI) filed a motion in the United States District Court for the Northern District of Florida (district court) seeking entry of an amended judgment to reflect better this court's findings on inventorship, and

_____

[*]Paul R. Michel assumed the position of Chief Judge on December 25, 2004.

costs. The district court dismissed for lack of jurisdiction. Bd. of Educ. v. Am. Biosciences, Inc., Case No. 4:99cv/131/RV (N.D. Fla. Oct. 21, 2003) (ABI II). Because the district court has jurisdiction to award costs, this court reverses and remands for the district court to determine whether any assessment of fees is appropriate. This court affirms the district court's dismissal for lack of jurisdiction to amend its prior judgment after this court's decision in ABI I.

BACKGROUND

ABI initiated this case in a California district court in October 1998. ABI sought damages for the infringement of U.S. Patent No. 5,780,653 (the '653 patent), a declaratory judgment of inventorship and ownership with respect to the '653 patent, and an injunction restraining the Board of Education of the State of Florida (for and on behalf of the Board of Regents of Florida State University), MDS Research Foundation, Inc., and Taxolog, Inc. (FSU) from using any compounds described in the '653 patent. The California district court transferred the case to the Florida district court. FSU asserted seven counts against ABI. ABI voluntarily dismissed three causes of action. Before trial, FSU accepted ABI's settlement offer of $300,000 resulting in a final judgment on counts I-VI.

The bench trial on FSU's remaining count for declaratory relief proceeded thereafter, resulting in the district court's November 5, 2001 judgment. Bd. of Educ. v. Am. Biosciences, Inc., Case No. 4:99cv/131/RV (N.D. Fla. Nov. 5, 2001) (Judgment). On appeal, this court reversed in part, affirmed in part, and vacated in part. ABI I. Following entry of the mandate in ABI I, ABI filed a motion in the district court seeking entry of an amended judgment reflecting this court's findings on inventorship, and taxing

2

costs in favor of ABI. The district court refused to entertain those motions on grounds that it was "without jurisdiction" to do so. ABI II. ABI contends that this was error and appeals the district court's order. This court has jurisdiction under 28 U.S.C. § 1295(a).

DISCUSSION

With respect to the charge that the district court erred in denying ABI's motion for an amended judgment and further erred in denying ABI's motion to tax costs, this court generally reviews such decisions for an abuse of discretion. Fiskars, Inc. v. Hunt Mfg., 279 F.3d 1378, 1381-82 (Fed. Cir. 2002). "A district court abuses its discretion when its decision is based on clearly erroneous findings of fact, is based on erroneous interpretations of the law, or is clearly unreasonable, arbitrary or fanciful." Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1460 (Fed. Cir. 1998) (en banc). To the extent that this court reviews the district court's interpretation of ABI I, however, the standard of review is de novo. Tronzo v. Biomet, Inc., 236 F.3d 1342, 1346 (Fed. Cir. 2001).

The district court correctly dismissed for lack of jurisdiction to amend its prior judgment after ABI I. This court states: "Unless remanded by this court, all issues within the scope of the appealed judgment are incorporated within the scope of the mandate and are thus precluded from further adjudication." Odetics, Inc. v. Storage Tech. Corp., 185 F.3d 1259, 1275 (quoting Engel Indus. Inc. v. Lockformer Co., 166 F.3d 1379, 1383). Because ABI I remanded no issues to the district court, the district court correctly ruled that it did not have jurisdiction to proceed further. ABI has not cited any rules or precedents to the contrary.

However, the district court retains jurisdiction with respect to ABI's motion to tax costs. In denying ABI's motion to tax costs, the district court reasoned:

3

> I am likewise without jurisdiction to re-examine the Federal Circuit's decision that each party bear its own costs because the taxation of costs was within the scope of the judgment ABI appealed and any dispute over that issue appears to have been resolved by the Federal Circuit. Accordingly, ABI's motions to amend the judgment and to tax costs are DENIED.

ABI II at 2.   While the issue of appellate costs was within the scope of this court's mandate in ABI I, the issue of district court costs was not.   Nothing in this court's mandate in ABI I precluded the district court from addressing the issue of district court costs following ABI I.   In the final sentence of ABI I, this court declared that "[e]ach party . . . [shall] bear its own costs[]."  This declaration merely addressed appellate costs.  ABI I at 1344.   As a result, this court reverses the order of the district court in ABI II and remands to permit the district court to consider ABI's motion to tax costs.   Any assessment of fees will be within the discretion of the district court.