# In the United States Court of Federal Claims

No. 20-75C
(Filed July 13, 2021)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * *  *
                                               *
ROBERT NEVILLE,                                *
                                               *
              Plaintiff,                        *
                                               *
    v.                                          *
                                               *
THE UNITED STATES,                             *
                                               *
              Defendant.                        *
                                               *
* * * * * * * * * * * * * * * * * * * * * * *  *
```

## ORDER

This case was dismissed *sua sponte*, on January 28, 2020 for lack of subject-matter jurisdiction. *Neville v. United States*, No. 20-75C, 2020 WL 468067, at *2 (Fed. Cl. Jan. 28, 2020). Plaintiff, Dr. Robert Neville, representing himself, sought monetary damages from the United States for the alleged gross negligence and maladministration committed by a federal district court judge and magistrate judge in dismissing with prejudice another of Dr. Neville's cases. Compl., ECF No.1, at 3–4.

On April 5, 2021, plaintiff filed a "Motion to Reinstate Case," seeking relief from the Court's order of January 28, 2020, dismissing his complaint. Pl.'s Mot., ECF No. 9. Although Dr. Neville did not cite any of our rules as the basis for his motion, the Court construes it as a motion for relief from a final judgment under Rule 60(b) of the Rules of the United States Court of Federal Claims (RCFC). Plaintiff, however, does not provide any ground for relief, such as mistake, newly discovered evidence, or fraud, that could satisfy RCFC 60(b)(1)–(3), and in any event has filed his motion well after the one-year deadline under those provisions, *see* RCFC 60(c)(1).[1]

---

[1] According to RCFC 6(b)(2), "[t]he court must not extend the time to act under RCFC 52(b), 59(b), (d), and (e), and 60(b)." The Federal Circuit has held that these deadlines are "firm" and "not to be altered even by the court." *Progressive Indus., Inc. v. United States*, 888 F.3d 1248, 1255 (Fed. Cir. 2018).

The failure of Dr. Neville to provide any justification for his delay in filing the motion and for his request to reinstate the matter also prevents the Court from being in a position to grant him relief under the RCFC 60(b)(6) ground of "any other reason that justifies relief." Our rules require that such a motion be filed "within a reasonable time," RCFC 60(c)(1), and persuasive precedent has found delays of a shorter duration than Dr. Neville's fourteen months to have been fatal. *See Rogero v. Sec'y of Dep't of Health & Hum. Servs.*, 142 Fed. Cl. 647, 649–50, *motion for relief from judgment denied*, 143 Fed. Cl. 21, 26 (2019) (thirteen-month delay); *Hill v. United States*, 146 Fed. Cl. 523, 525 (2018) (eight-month delay).

Moreover, plaintiff has not articulated the sort of "extraordinary circumstances" that could justify recourse to RCFC 60(b)(6). *See Infiniti Info. Sols., LLC v. United States*, 93 Fed. Cl. 699, 704 (2010) (quoting *Fiskars, Inc. v. Hunt Mfg. Co.*, 279 F.3d 1378, 1382 (Fed. Cir. 2002)). The motion of Dr. Neville merely "clarified" that the alleged Due Process clause violations recounted in his complaint deprived him "of a property right, to wit, the right to sue." Pl.'s Mot. at 1. But as the Court explained in the order dismissing the case, *see Neville*, 2020 WL 468067, at *2 n.2 (citing *Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572–73 (Fed. Cir. 1996)), the only Due Process violations that come within our jurisdiction involve illegal exactions---when the federal government unlawfully directs someone to pay money to it or to a third party. The allegedly improper dismissal of a lawsuit, with prejudice, does not involve such a violation.

The Court notes that, in his reply paper, which he entitled a "Rebuttal," Dr. Neville maintained that the judicial officers participating in his district court case were "responsible for a taking." Pl.'s Reply, ECF No. 12, at 1.[2] As Dr. Neville has since learned, *see Neville v. United States*, No. 21-1271C, 2021 WL 1962537, at *4 (Fed. Cl. May 17, 2021), these type of allegations do not give rise to a takings claim cognizable in our court, *see Allustiarte v. United States*, 256 F.3d 1349, 1351–52 (Fed. Cir. 2001). But in any event, the complaint filed in this case did not contain Dr. Neville's takings theory, and the dismissal of a case for lack of subject-matter jurisdiction is without prejudice, *Aerolineas Argentinas*, 77 F.3d at 1572; *Wheeler v. United States*, 11 F.3d 156, 160 (Fed. Cir. 1993). Thus, the dismissal of the case does not prevent Dr. Neville from filing a new complaint in our court attempting to articulate a cognizable takings theory. Accordingly, his desire to raise a takings claim is not a reason to provide relief from the order dismissing, without prejudice, the claims he did submit.

---

[2] Although Dr. Neville misunderstood the dismissal order's discussion of *Aerolineas Argentinas*---a decision in which takings jurisdiction was expressly not determined, *see* 77 F.3d at 1578 n.3---takings cases are clearly within our court's jurisdiction, *see, e.g., Preseault v. I.C.C.*, 494 U.S. 1, 11–12 (1990) (citing *United States v. Causby*, 328 U.S. 256, 267 (1946)).

For the foregoing reasons, plaintiff's RCFC 60(b) motion, ECF No. 9, is **DENIED**, and the case will remain closed.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Senior Judge